## JAMES A. HENDERSON *v.* PETER CANSLER.

Where two persons whose lands were contiguous had a suit pending about the boundaries thereto, and afterwards entered into a bond agreeing to submit all questions arising about the boundaries of said lands to A and B, and to abide by the award made by them, and also in the said bond covenanted " that the party who shall fail to keep, abide by, and observe the decision and award that shall be made according to the foregoing submission, will pay to the other the sum of one thousand dollars, as liquidated, fixed, and settled damages:" *Held*, that after the award had been made by A and B, and one of the parties placed a fence over the dividing line as fixed by the award, and on the land of the other, and that said damages were not of greater value than five dollars, that the sum specified in the bond is to be regarded as a penalty, and not as liquidated damages.

Civil action tried before *Logan, J.*, at Spring Term, 1871, of GASTON Superior Court.

The action was brought to recover the amount specified in a bond, a copy of which is as follows.

"NORTH CAROLINA

" GASTON COUNTY.

" Know all men by these presents, that whereas, a controversy is now existing between James A. Henderson and Peter Cansler, of the same place concerning the right and title to a piece of land, shoal, and fixtrap in Catawba river.

" Now, therefore we, James A. Henderson and Peter Cansler, do hereby submit the said controversy to the decision, and arbitrament of D. A. Lowe and John Tate of the County and State aforesaid, and do covenant each with the other, that we will in all things faithfully keep, observe and abide by the decision and award that they may make in writing under their hands in the premises, ready to be delivered ; and it is further agreed that the party who shall fail to keep, abide by and observe the decision and award, that shall be made according

to the foregoing submission, will pay to the other the sum of one thousand dollars, as liquidated, fixed and settled damages.

Witness our hands and seals the 9th of May, 1867."

[Signed.]                J. A. HENDERSON, [SEAL.]
                         P. CANSLER,        [SEAL.]
[Witness.]

W. M. ABERNATHY.

The plaintiff proved the execution of said bond, by the subscribing witness.

He next offered and proved the execution of the award made in pursuance of said bond, which is as follows :

"NORTH CAROLINA,

GASTON COUNTY.

"Know all men by these presents that we, D. A. Lowe and John Tate, to whom was submitted as arbitrators in the matter in controversy existing between J. A. Henderson and Peter Cansler, both of Gaston County and State aforesaid, as by the condition of their respective bonds of submission, executed by said parties respectively, each unto the other bearing date the 9th day of May, 1867, more fully appears."

"Now, therefore know ye, that we, the arbitrators mentioned in said bond having been first duly sworn according to law, and having heard the proofs and allegations of the parties, and examined the matters in controversy by them submitted, do make this award in writing, that is to say : Beginning at a boxed white oak, Henderson's and Cansler's corner, now standing in the corner of the fence on the side of the hill, thence North 22 East 44 poles, to a stone ; thence North 51 East 34 poles with the ditch to a willow stump, on the bank of the ditch ; thence with the ditch, the natural course to the river, and thence with the centre of the ditch at the river to the largest stone near the opposite bank of the river, all the land below to be Peter Cansler's, and all above this line J. A. Henderson's."

"The costs of suit at Dallas now pending between J. A. Henderson and Peter Cansler to be paid as follows :

" The said Henderson to pay the costs of his own witnesses, and one-half of the Court costs. Peter Cansler is to pay his own witnesses, and one-half of the Court costs. This 9th May, 1867."

[Signed.]                 JOHN TATE.
                            D. A. LOWE.

M. H. Hand, a surveyor, testified that the defendant had built a portion of his fence over the line, described in the award, upon the plaintiff's land; and upon cross-examination by the defendant, stated that in his opinion, the actual damage to the premises by such trespass, did not exceed five dollars.

Other evidence was offered, but unnecessary to be stated.

The plaintiff's counsel asked the Court to instruct the jury, that plaintiff was entitled to recover the full amount of the bond, as fixed, settled, and liquidated damages, and nothing less, which his Honor declined, but told the jury, that according to the conditions of the bond entered into between the parties, it operated as a penalty, and that the plaintiff could only recover such damages as he had actually sustained. Verdict for five dollars.

Rule, &c. Judgment and appeal.

*Guion,* for plaintiff.
*J. H. Wilson,* for defendants.

READE, J. Whether a sum, stipulated to be paid for a breach of an obligation to abide by and perform an award, is to be regarded as liquidated damages, or as a penalty, depends not so much upon the mere terms used, as upon the circumstances of each particular case, and the intention of the parties. And this is the sum of all the authorities, which are abundant and familiar. Upon the supposition, that the sum mentioned in the bond in this case, was intended as liquidated damages, it would be at least doubtful, whether the plaintiff would be entitled to recover in this action; for, to entitle him to recover,

he must show that the defendant refused to abide by and perform the award. Probably a bare trespass upon the premises which had been in dispute, would not be satisfactory evidence of a breach of the bond, or a failure to abide by and perform the award.

Suppose, for instance, it had been awarded that the defendant should make the plaintiff a deed to the land in dispute, and he had done so; and he had subsequently committed either a wanton or an unintentional trespass; would that have been a failure to abide by and perform the award? Certainly not. It would have been a bare trespass, unconnected with the award, just as if it had been committed upon any other land of the plaintiff's. But as the defendant has not appealed, this question is not decided.

Considering the case, as it seems to have been considered below, as involving the question whether the sum in the submission bond, is to be considered as a penalty, or as liquidated damages, we are of the opinion that it is to be considered as a penalty, and construed so as to indemnify the party against actual loss. It would shock our sense of justice, if for an unintentional injury of $5.00, as the finding of the jury shows this to have been, the defendant should be assessed damages of $1,000.

There is no error.

PER CURIAM. Affirmed.